

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

August 3, 2017

The Honorable James M. Tirey
Hale County Attorney
500 Broadway, Suite 340
Plainview, Texas 79072

Opinion No. KP-0157

Re: Whether relatives of a public official may perform uncompensated work for the official's office without violating nepotism laws if the relatives receive reimbursement of actual expenses or a per diem expense payment (RQ-0147-KP)

Dear Mr. Tirey:

You ask whether the State's nepotism laws prohibit a public official from appointing a close relative to a volunteer position that provides reimbursement for expenses but no compensation.[1] Your question arises from the following facts:

> The Hale County Sheriff must, from time to time, transport female prisoners to other facilities away from the Hale County Jail. The Sheriff's brother . . . and the brother's wife, have volunteered to transport female prisoners when the need arises. They would receive no compensation for their time and effort transporting the prisoners, but they would use a vehicle owned by Hale County and receive money to defray their expenses . . . .

Request Letter at 1. In this scenario, you specifically question whether the relatives' service without pay but with reimbursement for expenses violates the nepotism prohibition under Government Code section 573.041. *Id.*; *see* TEX. GOV'T CODE § 573.041.

Section 573.041 of the Government Code provides, in relevant part:

> A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a *position* that is to be *directly or indirectly compensated from public funds or fees* of office if [the individual is related to the public official within the third degree by consanguinity or within the second degree by affinity] . . . .

---

[1] Letter from Honorable James M. Tirey, Hale Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. (Jan. 27, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

TEX. GOV'T CODE § 573.041(1) (emphasis added); *see also id.* § 573.002 ("Degrees of Relationship"). As you note, the sheriff is a public official for purposes of the statute, and the prospective appointees are related to him within a prohibited degree. *See* Request Letter at 2; TEX. GOV'T CODE §§ 573.001(3)(A) (defining "public official" for purposes of nepotism laws to include county officers), .023(c)(2) (providing that siblings are related within the second degree by consanguinity), .025(a) (providing that if two individuals are related to each other in the second degree by consanguinity, the spouse of one of the individuals is related to the other individual in the second degree by affinity). Moreover, this prohibition applies to the sheriff's appointment of individuals to serve any duty.[2] *See* TEX. GOV'T CODE § 573.001(2) (defining "position" for purposes of nepotism laws as any "office, clerkship, employment or *duty*") (emphasis added). Thus, section 573.041 prohibits the sheriff from appointing these relatives to any duty compensated directly or indirectly from public funds.

At issue, however, is whether reimbursing the sheriff's relatives for expenses incurred while performing appointed duties constitutes direct or indirect compensation from public funds. In the absence of a statutory definition, this office previously concluded that in this context the term "compensation" does not include reimbursement for incurred expenses. Tex. Att'y Gen. Op. No. JM-195 (1984) at 2 (interpreting statutory predecessor to section 573.041). Thus, a volunteer who receives reimbursement for actual expenses incurred in the performance of appointed duties is not directly or indirectly compensated from public funds. *See id.* (concluding "compensation" for purposes of nepotism laws does not include reimbursement for expenses incurred in attending official meetings); Tex. Att'y Gen. LO-96-010 (1996) at 2 (concluding section 573.041 inapplicable to position that receives reimbursement for expenses but no compensation); *see also* Tex. Att'y Gen. LO-95-089 (1995) at 3 ("Compensation for services and expense reimbursements are distinguishable."). Likewise, permitting volunteers to use government-owned vehicles in the performance of their appointed duties also does not constitute compensation. *See* Tex. Att'y Gen. LO-95-089 (1995) at 3 (concluding vehicle "may be compensation or a reimbursement for expenses, depending on whether the governmental body provides it to benefit the employee or to carry out a purpose of its own"). Thus, under the factual scenario you describe, the sheriff's appointment of these relatives would not violate section 573.041.[3]

---

[2] Subject to civil service protections applicable in some counties, a sheriff as an elected county officer has authority "to select assistants of his or her own choice." Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3 (quotation marks omitted); *see also* Tex. Att'y Gen. Op. No. GA-0254 (2004) at 4.

[3] You additionally ask whether paying the sheriff's relatives a per diem rate, rather than paying for expenses actually incurred, violates section 573.041. Request Letter at 1–2. Paying a per diem rate may raise fact issues as to whether a volunteer is receiving a legitimate reimbursement of expenses or compensation. *See* Tex. Att'y Gen. Op. Nos. JM-1266 (1990) at 3 (recognizing that governmental entity may not avoid prohibition on compensating certain individuals "merely by denominating a . . . monthly payment an 'expense allowance' rather than a 'salary'"); MW-21 (1979) at 1 ("If a lump-sum is utilized [to reimburse a volunteer for expenses], there will be a factual question as to whether the sum has a basis in fact and reasonable calculation."). To avoid violating section 573.041, the per diem rate must reflect the expenses actually incurred by the volunteers in the performances of their official duties. *See* Tex. Att'y Gen. Op. No. GA-0449 (2006) at 2 ("[R]eimbursements that exceed actual expenses . . . constitute 'compensation.'").

## S U M M A R Y

Section 573.041 of the Government Code prohibits a public official from appointing certain relatives to positions compensated with public funds. The reimbursement of expenses, however, is not compensation. Thus, a public official may appoint a close relative to a volunteer position that provides reimbursement for incurred expenses but no compensation.

Very truly yours,

*Ken Paxton*

K E N   P A X T O N
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee